**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD E. SIMPSON, | : | CIVIL ACTION NO. **1:CV-14-1516** |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DAUPHIN COUNTY COURT OF | : | |
| COMMON PLEAS, *et al.*, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.    BACKGROUND.

On August 1, 2014, Plaintiff, Donald E. Simpson, a resident at 411 N. Third Street, Steelton, Pennsylvania, filed, *pro se*, the instant form Complaint alleging violations of his civil rights under 42 U.S.C. § 1983. (Doc. 1). Plaintiff names as Defendants the Court of Common Pleas of  Dauphin County, Pennsylvania, Dauphin  County Clerk of Court, Dauphin  County Deputy Clerk of Court "Alex," John Kerr, Esquire, and Dauphin  County Court of Common Pleas Judge Deborah E. Curcillo.   Plaintiff also filed a Motion to proceed *in forma pauperis* in which he states that he is not employed and that he is currently on bail.  (Doc. 2).  Plaintiff attached several Exhibits to his Complaint which are copies of court documents filed in Plaintiff's two Dauphin County Criminal cases, namely, case number CP-22-CR-2214-2012 and case number  CP-22-CR-0675-2013.  (Doc. 1-2, pp. 1-23).

In his civil rights Complaint, Plaintiff is essentially challenging his June 3 and 4, 2014,

criminal jury trial and conviction on drug and drug related offenses in Dauphin County Court of Common Pleas over which Defendant Judge Curcillo presided and Defendant Kerr was his defense counsel. *See Com. of PA v. Donald E. Simpson*, No. CP-22-CR-2214-2012.[1] Plaintiff claims that Defendant Judge Curcillo committed judicial misconduct during his criminal proceedings and was biased against him and, that Defendant Kerr's conduct was unprofessional and amounted to ineffective assistance of counsel. Plaintiff avers that Defendant Judge Curcillo should have requested Defendant Kerr to withdraw as his defense counsel after he (Plaintiff) was found guilty by a jury at trial on June 4, 2014, and that Defendant Judge Curcillo improperly allowed Kerr to continue representing him.  Plaintiff also states that Defendant Kerr admitted he was under the influence of drugs prior to the start of Plaintiff's trial. Plaintiff further states that after he was found guilty, he tried to file, on July 3, 2014, with Dauphin County Deputy Clerk of Court "Alex," a Petition to proceed pro se in his case and to request that his counsel, Defendant Kerr, withdraw.  However, Plaintiff alleges that Defendant Dauphin County Deputy Clerk of Court "Alex" refused to file his Petition and that he again requested to file his document.  Plaintiff then states that Defendant Dauphin County Deputy Clerk of Court "Alex" checked with his supervisor and with the Dauphin County Chief Clerk of Court and, that they "stated [Plaintiff] must be sentence[d] first" before he can seek to proceed pro se in his criminal case.  As such, Plaintiff states that neither Defendant Dauphin County Deputy Clerk of Court "Alex" nor the Chief Clerk would file his Petition.  Plaintiff claims

---

[1]We have obtained  copies of Plaintiff Simpson's Dauphin County Criminal Dockets for case number CP-22-CR-2214-2012 and case number  CP-22-CR-0675-2013 at http://ujsportal.pacourts.us.   We take judicial notice of Plaintiff's Dauphin County Criminal Dockets.

that Defendant Dauphin County Deputy Clerk of Court "Alex" and the Chief Clerk had no

authority to prevent him from filing his documents in his criminal case.

Additionally, Plaintiff states that after he was found guilty, he tried to file on July 2, 2014,

with Dauphin County Deputy Clerk of Court "Alex," a Petition to continue his sentencing and that

both Alex and the Chief Clerk refused to file his Petition.   Plaintiff claims that the Chief Clerk and

Deputy Clerk Alex violated his constitutional rights to file court documents in his criminal case, *i.e.*,

a First Amendment denial of access to courts claim.  (Doc. 1, p. 3).

Plaintiff further alleges that on July 14, 2014, he sent Defendant Kerr a letter telling him to

withdraw as his counsel in all of his criminal cases, and that on July 18, 2014, Defendant Kerr filed

a Petition to withdraw from all of Plaintiff's cases.  Plaintiff states that on July 18, 2014, he tried to

again file with Dauphin County Deputy Clerk of Court "Alex" a Petition to proceed pro se in his

case and to request that his counsel, Defendant Kerr, withdraw. Once again, Plaintiff alleges that

Defendant Dauphin County Deputy Clerk of Court "Alex" refused to file his Petition and that Alex's

supervisor and the Chief Clerk of Court told Plaintiff that he must be sentenced before he can file

any documents on his own behalf in his case.  Plaintiff states that he then went to Defendant Judge

Curcillo's Chambers to complain and he met with the Judge's secretary who "stated Clerk's Office

has no right to do that and should have filed [your] papers."  Plaintiff avers that he went back to the

Clerk's Office and the staff still refused to file his documents in his case.  Plaintiff claims that the

Dauphin County Clerk of Court's Office was ordered by "some authority figure at the Dauphin

County Courthouse to not file any documents" for Plaintiff.  (Doc. 1, pp. 5-6).

Plaintiff alleges that on July 22, 2014, in his other criminal case, No. CP-22-CR-0675-2013,

3

Dauphin County Court Judge Lewis issued an Order stating that the Motion to Withdraw as counsel filed by Attorney Kerr should not be granted.  Plaintiff states that he did not file any motion with Judge Lewis in his case No. CP-22-CR-0675-2013 and, he  repeats that the Clerk of Court would not file his documents in his cases.  Plaintiff points out that his Petition to proceed pro se and to request that his counsel, Defendant Kerr, withdraw was addressed to Judge Curcillo in case number CP-22-CR-2214-2012.   Plaintiff claims that Judge Lewis had no authority to issue an Order in his case No. CP-22-CR-0675-2013 since he did not file a motion in that case for Attorney Kerr to withdraw as his counsel.

Plaintiff states that since Attorney Kerr was under the influence of drugs at his June 2014 jury trial in  case  number CP-22-CR-2214-2012, he does not want Kerr to represent him in any of his cases.   Plaintiff states that Defendant Kerr did not properly represent him at trial in his Dauphin County Court case  number CP-22-CR-2214-2012 and that since Kerr was intoxicated, he could not stand, he could not perform properly and he was unable to ask questions. Plaintiff also states that Defendant Kerr  failed to contact his witnesses.  Plaintiff states that Defendant Kerr admitted he was under the influence of drugs due to pain he was experiencing and that Defendant Judge Curcillo should have continued his trial for another day.  Further, Plaintiff states that Defendant Kerr failed to appeal his conviction within 10 days of his guilty verdict at trial.  (*Id.*, p. 6).

As relief in his present Complaint, Plaintiff requests that this federal Court issue an injunction to prohibit his sentencing in case number CP-22-CR-2214-2012 and to order Dauphin County Court to give him a new trial.  With respect to his case number CP-22-CR-0675-2013, Plaintiff requests this federal Court issue an injunction continuing the trial in this case "until an investigation

is over in all cases involving [Plaintiff]."  Plaintiff also requests $100,000 in damages from the

Defendant Dauphin County Clerk of Courts.   (Doc. 1, p. 2).  Plaintiff does not specifically indicate

if he is seeking damages from his other Defendants.

Plaintiff further requests this federal Court to take over all of his criminal cases pending in

Dauphin County Court and that this be accomplished before his sentencing on August 6, 2014, by

Judge Curcillo in case number CP-22-CR-2214-2012, and before his trial commences during the

August 11, 2014 criminal term in his case No. CP-22-CR-0675-2013.  Plaintiff also requests that all

of his criminal cases be placed on hold pending an investigation for judicial misconduct at the

Dauphin County Courthouse.  Plaintiff additionally requests that this federal Court issue an

injunction barring Dauphin County Court to proceed with his criminal cases until the investigation

is complete.  Further, Plaintiff states that his right to effective assistance of counsel by Defendant

Kerr has been violated.   (*Id.*, p. 7).

According to Plaintiff 's Criminal Docket in case number CP-22-CR-2214-2012,  Defendant

Kerr filed a motion to withdraw as Plaintiff's counsel on July 21, 2014, and on July 28, 2014,

Defendant Judge Curcillo granted the motion.  Plaintiff then filed a request to continue his

sentencing on August 5, 2014, as well as a request to have Defendant Kerr withdraw from his case

and an application for leave to proceed in forma pauperis.  Defendant Kerr filed a Praecipe on

August 5, 2014, withdrawing his appearance in Plaintiff's case.  Plaintiff was then sentenced on

August 6, 2014, by Judge Curcillo in case number CP-22-CR-2214-2012, and he received a

sentence of 36 to 72 months in state prison on Count 1, possession with intent to deliver a

controlled substance, and a 12-month sentence in state prison on Count 2, use/possession of drug

paraphernalia.  It is not clear from Plaintiff's Criminal Docket in case number CP-22-CR-2214-2012

whether his sentences on Counts 1 and 2 run concurrently or consecutively.   Further, on August 7,

2014,  Judge Curcillo issued an Order in case number CP-22-CR-2214-2012 denying Plaintiff's

application to proceed in forma pauperis and request for a continuance of his sentencing since

Plaintiff requested court appointed appellate counsel at his sentencing and this request was granted.

In her Order, Judge Curcillo also directed that Plaintiff 's request to have his counsel (Kerr) withdraw

and his entry of appearance pro se were moot since Kerr was already granted leave to withdraw

from Plaintiff's case and since Plaintiff was granted court appointed appellate counsel at his

sentencing.

Plaintiff states that he has another criminal case pending in Dauphin County Court of

Common Pleas and that his trial in his second case has not yet commenced.  *See Com. of PA v.*

*Donald E. Simpson*, No. CP-22-CR-0675-2013.  Indeed, the Docket in Plaintiff's criminal case No.

CP-22-CR-0675-2013 reflects that this case is on the trial term in Dauphin County Court which

began on August 11, 2014.

According to Plaintiff 's Criminal Docket, Judge Lewis issued a Order – Rule to Show Cause

on July 22, 2014, in case number CP-22-CR-0675-2013, to show why Attorney Kerr's July 18, 2014

Motion to Withdraw as Counsel should not be granted. The Rule was returnable on August 11,

2014. The Order also stated that Plaintiff should still be prepared to proceed with trial on August

11, 2014, with or without counsel.  Thus, contrary to Plaintiff's allegations, Plaintiff did not file a

motion in case number CP-22-CR-0675-2013 for an Order directing Attorney Kerr withdraw as

counsel and Judge Lewis did not issue an Order stating that the Motion to Withdraw as counsel

filed by Attorney Kerr should not be granted.

## II.    STANDARDS OF REVIEW.

### 1. *Screening pro se in forma pauperis Complaints*

As stated, Plaintiff has filed an application to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915.  (Doc. 2).  Because Plaintiff has filed a Motion to Proceed *in forma pauperis,* we

are obliged to screen Plaintiff's pleading under 28 U.S.C. §1915(e) even though he is not an inmate

and he is not complaining about prison conditions.

In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6,

the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B).  *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006).  Section 1915(e)(2) provides:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>> (A) the allegation of poverty is untrue; or
>> (B) the action or appeal  - -
>>> (i)       is frivolous or malicious;
>>> (ii)      fails to state a claim on which relief may be granted; or
>>> (iii)     seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2).  This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the

> inconvenience and expense of answering [frivolous] complaints"). While
> the original statute permitted sua sponte dismissal only if an action was
> frivolous or malicious, Congress included failure to state a claim and
> seeking monetary relief from a defendant immune from suit as additional
> grounds for sua sponte dismissal of *in forma pauperis* cases.  *Jones v. Bock*,
> 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007);  §1915(e)(2)(B) (2000 ed.);
> 28 U.S.C. § 1915(d)( (1994 ed.).

*See also Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4; *Klatch-*

*Maynard v. ENT Surgical Associates*, Civil No.  09-1963, M.D. Pa.

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes

to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp.*, 350

Fed.Appx. at 604. Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to

prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v.*

*Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa.

January 12, 2004, Memorandum and Order, p. 4.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to

dismiss. *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999).

**2.  *Motion to Dismiss Standard***

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court

stated:

> The Third Circuit Court of Appeals recently set out the appropriate
> standard applicable to a motion to dismiss in light of the United States
> Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S.
> 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).
> "[T]o survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true to 'state a claim that relief is plausible
> on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at
> 570). The Court emphasized that "only a complaint that states a
> plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).  *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

### 3. *Section 1983 Standard*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:

(1) that the conduct complained of was committed by a person acting under color of state law; and

(2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").

"In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown

through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons.  *Id.*  Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

## III.    DISCUSSION.

As stated above, on August 1, 2014, Plaintiff filed, *pro se*, the instant civil rights Complaint under 42 U.S.C. § 1983. (Doc. 1).  To the extent Plaintiff's case is a civil rights Complaint pursuant to 42 U.S.C. §1983 claiming  violations of his constitutional rights, this Court has subject matter jurisdiction over Plaintiff's case under 28 U.S.C. §1331 and §1343(a).

Plaintiff  names as Defendants, the Court of Common Pleas of  Dauphin  County, the Dauphin  County Clerk of Court, Dauphin County Deputy Clerk of Court "Alex," John Kerr, defense counsel, and Dauphin County Court of Common Pleas Judge Curcillo.  We find that Plaintiff 's entire Complaint as against all Defendants is subject to dismissal.

Insofar as Plaintiff sues the Court of Common Pleas of Dauphin County, we find that this Defendant should be dismissed with prejudice since it is entitled to Eleventh Amendment immunity.  Plaintiff's claims against Defendant Court of Common Pleas of Dauphin County are barred under the Eleventh Amendment. Because Defendant Court of Common Pleas of Dauphin County is an agency of the Commonwealth of Pennsylvania, this federal Court's jurisdiction over this Defendant is barred by the Eleventh Amendment of the United States Constitution, and all claims against it are subject to dismissal.  *See MCI Telecom. Corp. v. Bell Atl. Pa.,* 271 F.3d 491, 502

(3d Cir. 2001).

In *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009), the Court held

that:

> The Eleventh Amendment precludes private federal
> litigation against a state and its agencies. n16 *Hans v.*
> *Louisiana*, 134 U.S. 1, 15-16, 10 S. Ct. 504, 33 L. Ed. 842
> (1890); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62,
> 72-73, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000); *Lombardo*
> *v. Pennsylvania*, 540 F.3d 190, 194-95 (3d Cir. 2008). This is
> a jurisdictional bar subject to only two exceptions: (1)
> Congress may specifically abrogate a state's sovereign
> immunity by exercising its enforcement power under the
> Fourteenth Amendment, or (2) a state may waive its
> sovereign immunity by consenting to suit. *Coll. Sav. Bank v.*
> *Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666,
> 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999); *Koslow v.*
> *Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). It is well
> settled that Congress had no intention to abrogate the states'
> sovereign immunity by enacting § 1983. *Will v. Mich. Dep't*
> *of State Police,* 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed.
> 2d 45 (1989).  Furthermore, Pennsylvania has unequivocally
> withheld its consent to such suits. See 42 PA. CONS. STAT.
> § 8521(b); *see also Lombardo*, 540 F.3d at 196 n.3; *Laskaris*
> *v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).*See also*
> *Urella v. PA State Troopers Ass'n*, 2008 WL 1944069, *3.

Thus, we find that this federal Court's jurisdiction over Defendant Court of Common Pleas of

Dauphin County is barred by the Eleventh Amendment.  *See Democracy Rising PA v. Celluci*, *supra*.;

*Keisling v. Renn*, 425 Fed.Appx. 106, 109 (3d Cir. 2011).

As stated above, Plaintiff raises  claims against Defendants Dauphin  County Clerk of Court

and Deputy Clerk of Court "Alex" for failing to act and file documents  in his Dauphin County

Court criminal cases.  Also, as stated, Plaintiff requests $100,000 in damages from the Defendants

Dauphin County Clerk of Courts and Deputy Clerk "Alex." (Doc. 1, p. 2). We find that Plaintiff's claims against Defendants Dauphin County Clerk of Court and Deputy Clerk of Court "Alex" should be dismissed with prejudice because these Defendant are entitled to quasi-judicial immunity.

In *Addlespurger v. Corbett*, 461 Fed.Appx. 82, 85-86 (3d Cir. 2012), the Third Circuit Court stated:

> the defendant court administrators are similarly absolutely immunized from a suit for damages under the doctrine of quasi-judicial immunity, because their activities were an integral part of the judicial process. A court administrator or deputy administrator, who is charged with the duty of carrying out facially valid court orders, enjoys quasi-judicial immunity from liability for damages in a suit challenging conduct prescribed by that order. *See Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 772–73 (3d Cir.2000). *See also Kincaid v. Vail,* 969 F.2d 594, 601 (7th Cir.1992); *Valdez v. City and County of Denver,* 878 F.2d 1285, 1288–90 (10th Cir.1989). *See also Wager v. York County Domestic Relations,* 2010 WL 231129, *8 (M.D. Pa. 2010); *Herrschaft v. Smithson*, 2010 WL 4973269, *2-*3 (M.D. Pa. Oct. 6, 2010).

Thus, Plaintiff's claims against Defendants Dauphin County Clerk of Court and Deputy Clerk of Court "Alex" should be dismissed with prejudice since they relate to activities which were clearly an integral part of the judicial process in the Dauphin County Court. Therefore, we find that Defendants Dauphin County Clerk of Court and Deputy Clerk of Court "Alex" are immune from Plaintiff's claims under the doctrine of quasi-judicial immunity.

Moreover, the Criminal Docket in case number CP-22-CR-2214-2012 show that Plaintiff was in fact eventually able to file his documents in the case, including his application to proceed in

forma pauperis, his request for a continuance of his sentencing and his request for court appointed appellate counsel.  Indeed, Plaintiff's own Exhibits (Doc. 1-2) show that he was able to file documents in his pending Dauphin County criminal cases.  Also, as mentioned, Judge Curcillo ruled on some of Plaintiff's motions he filed in his case number CP-22-CR-2214-2012, and on July 28, 2014, Judge Curcillo granted a motion to allow Kerr to withdraw as defense counsel in Plaintiff's criminal case. Plaintiff was appointed new appellate counsel. As such, to the extent Plaintiff is raising a First Amendment denial of access to courts claim against Defendants Dauphin  County Clerk of Court and Deputy Clerk of Court "Alex," we find that he fails to state a claim.   In *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179, (2002), the Supreme Court established certain criteria for a plaintiff to properly allege a cognizable denial of access to the courts claim. Specifically, to properly state a claim for denial of access to courts, the Supreme Court in *Christopher*, 536 U.S. at 415, stated that the Plaintiff must allege the following:  1) a non-frivolous, underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit.  "To prevail on [a denial of access to courts] claim, a Plaintiff must show that the denial of access caused actual injury; for instance, that he lost a 'nonfrivolous' and 'arguable' claim." *Agarwal v. Schuylkill County Tax Claim Bureau*, 442 Fed.Appx. 733, 737 (3d Cir. 2011)(citing *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002)).  We find that Plaintiff Simpson has failed to state sufficient facts with respect to his First Amendment denial of access to the courts claim, since he has not alleged an actual injury to any meritorious claim.

Therefore, we find that the Court should dismiss with prejudice Defendant Court of

Common Pleas of Dauphin County as well as Defendants Dauphin County Clerk of Court and Deputy Clerk of Court "Alex." Based upon the above, we find that the Court should not allow Plaintiff leave to amend his Complaint with respect to his §1983 claims against Defendant Court of Common Pleas of Dauphin County and against Defendants Dauphin County Clerk of Court and Deputy Clerk of Court "Alex" since it would be futile.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

Additionally, we find that Defendant Dauphin County Court of Common Pleas Judge Curcillo is entitled to absolute judicial immunity from Plaintiff's claims.  Plaintiff does not state whether he is suing Defendant Judge Curcillo in her official and/or individual capacity.  Insofar as Plaintiff is suing Defendant Judge Curcillo in her official capacity, "official capacity suits are really against the governmental entity that employs the individuals." *Kohn v. School Dist. of City of Harrisburg*, 817 F.Supp.2d 487, 510 (M.D.Pa. 2011).  Defendant Judge Curcillo is employed by Defendant Court of Common Pleas of Dauphin County, which is an agency of Pennsylvania, and thus, Plaintiff 's claims against Defendant Judge Curcillo in her official capacity are barred by the Eleventh Amendment.  *See Democracy Rising PA v. Celluci*, *supra*.

To the extent that Plaintiff is raising constitutional claims against Defendant Judge Curcillo in her individual capacity with respect to his arrest, prosecution and his criminal trial, and he is seeking money damages, we will recommend that these claims against Defendant Judge Curcillo be dismissed with prejudice.  We find that Plaintiff's claims against Defendant Judge Curcillo in this case are barred based on the doctrine of judicial immunity.  We find that judicial immunity protects Defendant Judge Curcillo from suit in federal court because Plaintiff sues her entirely for

acts taken in her judicial capacity during Plaintiff's current criminal proceeding pending in Dauphin County, *i.e.*, case number CP-22-CR-2214-2012.   *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007); *Clark v. Conahan*, 737 F.Supp. 2d 239, 255-56 (M.D. Pa. 2010); *Dougherty v. Snyder*, 2011 WL 1871226, *13; *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp.2d 672, 696 W.D. Pa. 2009).

Plaintiff's instant suit against  Defendant  Judge Curcillo regarding her judicial decisions taken in Plaintiff criminal case number CP-22-CR-2214-2012 clearly seeks to address actions taken by Judge Curcillo within her jurisdiction and within her official judicial capacity.  For example, Plaintiff alleges that  Defendant Judge Curcillo should have made Attorney Kerr withdraw from his case at time of trial and should have continued his trial.  As such, we find that Defendant Judge Curcillo is entitled to absolute judicial immunity.

In *Clark*, 737 F.Supp. 2d at 256, the Court stated:

> For judicial immunity to apply, only two requirements must be met: 1) jurisdiction over the dispute, and 2) a judicial act. *Id.* at *7. As to the first, a judge is not immune only when he has acted in the "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted). As to the second prong, judicial immunity extends only to "judicial acts," not administrative, executive, or legislative ones. *Id.* at 360–61, 98 S.Ct. 1099.  "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump,* 435 U.S. at 356, 98 S.Ct. 1099 (citation omitted). The fact that the judge was incorrect about the status of jurisdiction or that there were procedural errors causing the judge to act without jurisdiction does not satisfy the requirements for defeating immunity. *Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 771 (3d Cir.2000).  In determining whether an act is judicial, it is appropriate to consider 'the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge,' and 'the expectations of the parties, *i.e.,* whether they dealt with the judge in his official capacity.' " *Wallace,* 2009 WL 4051974, at *7 (quoting *Stump,* 435 U.S. at 362, 98 S.Ct. 1099). "Acts which are traditionally done by judges include issuing orders,

resolving cases and controversies, making rulings, and sentencing criminal defendants. Other actions such as sending a fax, or hiring and firing subordinates, have been found to be administrative, rather than judicial, acts. Note, however, that even if an act is not judicial, there may be still be immunity if the act is legislative or executive in nature." *Id.*

We find that Defendant Judge Curcillo is entitled to absolute judicial immunity with respect to all of Plaintiff's claims against her. *See Stankowski*, 487 F. Supp. 2d 543; *Clark*, 737 F.Supp. 2d at 256; *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d at 696; *Brookhart v. Rohr*, 385 Fed. Appx. 67, 70 (3d Cir. 2010)("judges are absolutely immunized from a suit for money damages arising from their judicial acts.")(citations omitted).

We also find that Defendant Judge Curcillo is entitled to absolute judicial immunity with respect to Plaintiff's claims for injunctive relief against her. As stated, Plaintiff requests as relief that this federal Court issue an injunction to prohibit his sentencing in case number CP-22-CR-2214-2012[2] and to order the Dauphin County Court and Judge Curcillo to give him a new trial.[3]

---

[2]To the extent that Plaintiff is requesting this federal Court to issue an injunction to prohibit his sentencing in case number CP-22-CR-2214-2012, as stated above, Plaintiff was sentenced by Judge Curcillo in this case on August 6, 2014. Thus, Plaintiff's request for an injunction is now moot. *See Sutton v. Rahseed*, 323 F.3d 236, 248 (3d Cir. 2003); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)(citations omitted). We also note that Plaintiff still has time to appeal his judgment of sentence with the PA Superior Court and thus has state court remedies available to him.

[3]To the extent that Plaintiff is seeking this federal Court to issue an injunction ordering the Dauphin County Court to give him a new trial in case number CP-22-CR-2214-2012, as stated above, Plaintiff was convicted and sentenced in this case on August 6, 2014. Thus, insofar as Plaintiff claims that his constitutional rights were violated with respect to his criminal conviction, we find that these claims are *Heck* barred. Plaintiff has not had this drug conviction and sentence overturned on appeal or *via* a §2254 habeas petition. In fact, Plaintiff is still within the 30-day appeal time regarding his judgment of sentence. Thus, insofar as Plaintiff is raising constitutional claims under §1983 against Defendants challenging the stated drug conviction, we

Plaintiff further requests this federal Court to take over all of his criminal cases pending in Dauphin County Court prior to his sentencing on August 6, 2014, by Judge Curcillo in case number CP-22-CR-2214-2012, and before his trial commences on August 11, 2014, in his case No. CP-22-CR-0675-2013.  Plaintiff also requests this federal Court to issue an injunction and stay all of his

---

find that  these claims are *Heck* barred.  *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).  In *Heck*, the Supreme Court stated:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487; *see also Kossler v. Crisanti,* 564 F. 3d 181, 187 (3d Cir. 2009).

In *Taylor v. JFC Staffing Assoc*., 690 F. Supp. 2d 357, 375-77 (M.D. Pa. 2009), the Court stated:

> In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court announced what is called the "favorable termination rule," which forecloses certain § 1983 actions for plaintiffs who have plead guilty to criminal charges.  In *Heck,* the Supreme Court stated:
>
>> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.
>> *Id*. at 486-87, 114 S.Ct. 2364 (emphasis in original).

The final termination rule announced in *Heck* also bars those § 1983 claims that have the effect of impugning the underlying criminal conviction. *See Marable v. Pottsgrove Twp.,* 176 Fed.Appx. 275, 281 (3d Cir.2006).

criminal cases pending an investigation for judicial misconduct at the Dauphin County Courthouse. Plaintiff additionally requests that this federal Court issue an injunction barring Dauphin County Court to proceed with his criminal cases until the investigation is complete.[4]

Under §1983, injunctive relief may only be granted against a judicial officer, both state and federal judges, if "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. §1983; *see also Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006). "Because [Plaintiff] has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought by [Plaintiff] does not address the actions of Judge [Curcillo] other than in [her] judicial capacity, his claim for injunctive relief is barred." *Azubuko v. Royal*, 443 F.3d at 304. As discussed, we find that all of the allegations raised by Plaintiff Simpson in his Complaint relate to actions taken by Defendant Judge Curcillo in her capacity as a judge presiding over his criminal case and trial. Also, we find that Plaintiff has not alleged any facts that show the actions of Defendant Judge Curcillo were taken in clear absence of her jurisdiction.

Based upon the above, we find that the Court should not allow Plaintiff to amend his

---

[4]We note that the Anti-Injunction Act, 28 U.S.C. §2283, may prohibit this Court from interfering with any of the Dauphin County Court's determinations regarding the pending criminal cases against Plaintiff. *See In re Madera*, 2008 WL 447497, *5 (E.D. Pa. 2-7-08).

Also, the injunctive relief which Plaintiff seeks may be barred by the *Younger* abstention doctrine. The *Younger* abstention doctrine is based on basic considerations of comity that are fundamental to our federal system of government. As defined by the courts: "*Younger* abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. *See Younger v. Harris,* 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.')." *Kendall v. Russell*, 572 F.3d 126, 130 (3d Cir. 2009).

Complaint with respect to any of his claims against Defendant Judge Curcillo since we find it would be futile.  *See Clark*, *supra*.; *Stankowski, supra*;  *Azubuko v. Royal*, *supra*. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

Finally, we find that Defendant Attorney Kerr, Plaintiff 's defense counsel in criminal case number CP-22-CR-2214-2012 is not a state actor under §1983.  Plaintiff alleges that Defendant Kerr was under the influence of drugs during his criminal trial in case number CP-22-CR-2214-2012 and that Kerr rendered ineffective assistance of counsel.  As stated, on July 28, 2014, Judge Curcillo granted Attorney  Kerr's motion to withdraw as defense counsel in Plaintiff's criminal case number CP-22-CR-2214-2012.  It is well-settled that the conduct of an attorney, representing a client in a criminal case, does not by itself rise to the level of state action entitling an individual to bring a federal civil rights actions against his own prior counsel.  *See, e.g.,  West v. Atkins*, 487 U.S. 42, 50 (1988); *Polk County v. Dodson*, 454 U.S. 312 (1981); *Pete v. Metcalfe*, 8 F.3d 214 (5 th Cir. 1993); *Shirazi v. Palissery*, Civil No. 11-0141, M.D. Pa.  Clearly, Defendant Kerr  in the instant case is not a state actor.  We point out that Plaintiff's Criminal Docket in case number CP-22-CR-2214-2012 show that Defendant Kerr  was acting as Plaintiff 's criminal defense counsel.

In *Corliss v. O'Brien*, 200 Fed.Appx. 80, 84 (3d Cir. 2006), the Court stated:

> The allegations against defendants Germano and Quigley pertain to their representation of the defendant in state court criminal and post-conviction proceedings. Their representation, alone, does not render either of them a "person acting under color of state law" under § 1983. *See Polk County v.*

*Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel).

As indicated above, to bring suit under §1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. *Kost v. Kozakiewicz,* 1 F.3d 176, 184 (3d Cir.1993). The Supreme Court has found that a criminal defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445 (1981); *Angelico v. Lehigh Valley Hosp., Inc.,* 184 F.3d 268, 277 (3d Cir.1999). It does not make any difference whether the defense attorney is court-appointed or privately retained. *Black v. Bayer,* 672 P.2d 309 (3d Cir.), *cert. denied,* 459 U.S. 916, 103 S.Ct. 229 (1982).

Thus, we find that Plaintiff Simpson's claim that his defense attorney Defendant Kerr provided ineffective representation at his trial in case number CP-22-CR-2214-2012, should be dismissed since Plaintiff's defense attorney is not a state actor for purposes of this §1983 action. Therefore, we will recommend that Plaintiff's claims against Defendant Kerr be dismissed with prejudice.   *See Polk County v. Dodson, supra.*   We also note that after Plaintiff exhausts his state court remedies with respect to his direct appeal, he may file a collateral appeal *via* a PCRA Petition with the state court to raise his ineffective assistance of trial counsel claim against Defendant Kerr. The PCRA is the exclusive remedy for seeking relief in Pennsylvania with respect to claims of ineffective assistance to trial counsel and appellate counsel. *See* 42 Pa.C.S.A. § 9542.

Accordingly, we find that the Court should dismiss with prejudice Plaintiff Simpson's Complaint in its entirety. Based upon the above, we find that the Court should not allow Plaintiff

21

leave to amend his Complaint with respect to any of his §1983 claims against Defendants since it would be futile. *See Grayson v. Mayview State Hospital, supra; Alston v. Parker, supra*.

## IV.    RECOMMENDATION.

Based on the foregoing, it is respectfully recommend that Plaintiff Simpson's entire Complaint **(Doc. 1)** against all Defendants be dismissed with prejudice. It is also recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* **(Doc.  2)** be granted solely for the purpose of filing this action. Finally, it is recommended that the Court close this case.

 **s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 13, 2014**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD E. SIMPSON, | : | CIVIL ACTION NO. **1:CV-14-1516** |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DAUPHIN COUNTY COURT OF | : | |
| COMMON PLEAS, *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **August 13, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis
> of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may

constitute a waiver of any appellate rights.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 13, 2014**