IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD E. SIMPSON**, | : | CIVIL ACTION NO. 1:14-CV-1516 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **DAUPHIN COUNTY COURT OF COMMON PLEAS**, *et al.*, | : | |
| Defendants | : | |

# ORDER

AND NOW, this 16th day of September, 2014, upon consideration of the report (Doc. 5) of Magistrate Judge Thomas M. Blewitt, recommending the court grant the motion (Doc. 2) for leave to proceed *in forma pauperis* filed by *pro se* plaintiff Donald E. Simpson ("Simpson") but further recommending the court dismiss Simpson's complaint (Doc. 1) with prejudice for failure to state a claim for which relief may be granted, see 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."), and, following an independent review of the record, the court in agreement with the Magistrate Judge that defendant Dauphin County Court of Common Pleas is entitled to sovereign immunity, see Slewion v. Court of Common Pleas Phila. Cnty., 403 F. App'x 727, 729 (3d Cir. 2010) (nonprecedential) (citing Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005)), that defendants Dauphin County Court Clerk "Alex" and Dauphin County Clerk of Court are entitled to quasi-judicial

immunity, see Gallas v. Supreme Court, 211 F.3d 760, 772 (3d Cir. 2000) (collecting cases), that defendant Judge Deborah E. Curcillo is entitled to absolute judicial immunity, see Wicks v. Lycoming Cnty., 456 F. App'x 112, 114 (3d Cir. 2012) (nonprecedential) ("[T]he doctrine of judicial immunity provides that 'judges are immune from suit under Section 1983 for monetary damages arising from their judicial acts.' ") (citing Gallas, 211 F.3d at 768); Gibson v. Rambo, 390 F. App'x 61, 62 (3d Cir. 2010) (nonprecedential) ("[J]udges are entitled to absolute immunity from suit based on actions taken in their official capacity.") (citing Mireles v. Waco, 502 U.S. 9, 11 (1991)), and that defendant John Kerr, an attorney representing Simpson in the underlying criminal proceedings, is not a state actor subject to Section 1983 liability, see West v. Atkins, 487 U.S. 42, 50 (1988) ("[T]he public defender does not act under color of state law for purposes of Section 1983 because he 'is not acting on behalf of the State; he is the State's adversary.'"), and the court further in agreement with the Magistrate Judge that the various applicable immunity doctrines render amendment futile, see Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (courts liberally grant leave to amend "unless amendment would be inequitable or futile"), and it appearing that neither party objects to the report, and that there is no

clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007), it is hereby ORDERED that:

1. The report (Doc. 5) of Magistrate Judge Blewitt is ADOPTED.

2. Plaintiff's motion (Doc. 2) for leave to proceed *in forma pauperis* is GRANTED.

3. Plaintiff's complaint (Doc. 1) is DISMISSED with prejudice.

4. The Clerk of Court shall CLOSE this case.

5. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the magistrate judge's report and recommendation in accordance with this Third Circuit directive.